THOMAS BRINGHURST v. MUTUAL BUILDING AND LOAN ASSOCIATION.

Decided October 27, 1898.

**1. Mechanic's Lien—Misdescription of Premises.**

A mistake in a merely descriptive part of the contract creating a lien upon a. homestead lot for improvements, which was corrected by a subsequent instrument showing the mistake, will not restrict the lien to less than the entire lot because of such misdescription.

**2. Building and Loan Association—Settlement with Member.**

The amount due a building and loan association upon the failure to pay interest and assessments, where authorized by the by-laws, may be ascertained by crediting the member with dues paid and ascertaining the withdrawal value of his stock.

**3. Same—Pleading Requisite, When.**

The manner of ascertaining the amount due by a defaulting member of a building and loan association and the disposition of his stock can not be questioned where he made no objection thereto in his pleading.

ERROR from Harris. Tried below before Hon. JOHN G. TOD.

*J. M. Coleman,* for plaintiff in error.

*W. C. Oliver,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee brought this action to recover of Thomas Bringhurst a sum of money alleged to be due for the value of material and labor furnished by plaintiff for the improvement of the homestead of said Bringhurst and his wife under a contract in writing with them, duly executed and acknowledged as required by law, and to foreclose an express lien given by such contract on the homestead.

The case was tried before the judge without a jury, and his findings of fact are in the record, in all things supported by the evidence. We therefore adopt them as a sufficient statement of the facts, and shall only pass briefly upon the objections urged to them by appellants.

1. The first contention, that there was no contract between appellants and appellee for the making of the improvements, can not be sustained consistently with the evidence and the findings of the trial judge.

2. The next contention, that the first contract did not cover with its lien all of the land on which a foreclosure was sought, and that the

second contract, which did embrace it all, was made after the material and labor had been furnished, and hence created no lien, was properly disposed of by the court below. The property was described in the note given for the improvement as "lot number one and adjacent parts of lots two and twelve, in block 269." In the contract acknowledged by Bringhurst and wife, the same description was given, with the further one, "fronting 62½ feet on Main Street and 125 feet on Milam Street," and a lien was given upon the property thus described, "as well as on the dwelling-house and other improvements to be built thereon." The subsequent instrument of August, by which it was sought to make the lien cover a frontage of seventy-five feet on Milam Street, is not to be treated as a new contract, but simply as showing a mistake, in one particular, in the description given of the property in the original contract. In other words, the papers, taken together, with the construction put upon them by the parties themselves in the erection of the improvement, show that the reference to frontage was made as descriptive and not as restricting the lien to less land than the lot 1 and adjacent parts of the other lots owned by appellants. Such a mistake in a merely descriptive particular should not affect the lien. The petition set up all of the papers referred to, and alleged that by them a lien upon seventy-five feet frontage on Milam Street was given. Such we have said was their legal effect, and an allegation of their legal effect was sufficient. It is not a case in which the correction of a mistake is sought, but one in which the court is simply called upon to determine the operation of the contract as it stands.

3. We are of the opinion that the by-laws of appellant authorized it, when Bringhurst failed to pay interest and assessments, to ascertain the amount due from him by crediting him with the dues paid and the withdrawal value of his shares of stock. The provision, it is true, is made in connection with one which authorizes the collection of the debt, upon default of the member, by foreclosure of a deed of trust. It is urged that it has no application when there is no deed of trust. But another by-law, as well as the contract, provides that by such default the loan shall mature, from which a right to sue for it results. The question then arises, how is the balance due to be ascertained? The situation is the same as that supposed by the by-law first stated, except that, instead of a deed of trust to be foreclosed by trustee, there is a lien to be foreclosed by a court. The debt due must of necessity be determined in the same way in the two cases.

But appellants made no such issue by their pleadings. The debt was due, and appellee sued for it, allowing certain credits. Appellants by their pleadings made no objections as to the credits or as to the disposition made of their stock, and, without pleadings, the point urged could not be made available if otherwise sound.

4. The rate of interest charged was not illegal.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.